UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | Case No. 3:17-cr-107 |
| v.        ) | |
| ) | SENTENCING MEMORANDUM |
| CAMERON MICHAEL SMITH,        ) | |
| ) | |
| Defendant.        ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for August 27, 2018, at 2:00 p.m.

**TABLE OF CONTENTS**

**I.     BACKGROUND** ........................................................................................................ 1

**II.    SENTENCING CALCULATION** ........................................................................... 2

A.  **A base offense level 24 is applicable based on two prior convictions for crimes of violence**.................................................................................................................... 2
B.  **The four-level enhancement pursuant to USSG §2K2.1(b)(6)(B) for possession in connection with another felony offense is applicable** ..................................... 4
C.  **The convictions in paragraph 45 and 46 are separate offenses and should not be counted as a single sentence** ................................................................................. 5

**III.   GOVERNMENT'S RECOMMENDATION** ......................................................... 6

**I.     BACKGROUND**

On December 13, 2017, a two-count Indictment was filed charging Cameron Michael Smith with Felon in Possession of a Firearm and Possession of Methamphetamine. (Final Presentence Report, hereinafter "PSR," ECF 49, ¶ 1.)  On April 9, 2018, the defendant pled guilty to Count One of the Indictment. (PSR ¶ 2.)  Pursuant to the written plea agreement, the government agreed to dismiss Count Two at sentencing. (PSR ¶ 3.)  The government will

recommend a three-level reduction for acceptance of responsibility. (PSR ¶ 4.) The defendant will forfeit all rights, title and interest in all assets, which are subject to forfeiture. (PSR ¶ 6.)

The government filed several objections to the PSR. (ECF 44.) The defendant also filed several objections to the PSR. (ECF 46.) The defendant objects to the base offense level 24, the four-level enhancement for possession of a firearm in connection with another felony offense under USSG §2K2.1(b)(6)(B), and both paragraphs 45 and 46 receiving criminal history points. *Id.*

### III. SENTENCING CALCULATION

In the presentence report paragraphs 28-38 and 91, the defendant's guideline range was calculated as follows:

| | |
|---|---|
| USSG §2K2.1 | 24 |
| USSG §2K2.1(b)(4)(A) | +2 |
| USSG §2K2.1(b)(6)(B) | +4 |
| Adjusted Offense Level | 30 |
| Acceptance | -3 |
| Total Offense Level | 27 |
| Criminal History Category | IV |
| Guideline Sentencing Range: | 100 to 120 months |

### A. A base offense level 24 is applicable based on two prior convictions for crimes of violence

The base offense level of 24 requires that the defendant have been convicted of at least two prior crimes of violence. USSG §2K2.1(a)(2). Smith argues that he has not been convicted of two prior felonies that qualify as a crime of violence. In paragraph 44, Smith was convicted of

Assault by Use or Display of a Dangerous Weapon under Iowa Code Section 708.2(3). This issue was addressed in *United States v. Maid*, 772 F.3d 1118 (8th Cir. 2014), *United States Boots*, 816 F.3d 971 (8th Cir. 2016) and again in *United States v. McGee*, 890 F.3d 730 (8th Cir. 2018). The cases explained that the elements of the offense are the use or display of a dangerous weapon, in committing an assault in violation of 708.1. "Even if the subsections of 708.1 are means rather than elements under *Mathis*, the elements of this offense involve the threatened use of violent force because '[i]t goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as a threatened use of physical force.'" *McGee*, 890 F.3d at 736-37, *quoting United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009). In all three of the above cited cases, the Court found that Iowa Code Section "708.2(3) imposes an increased punishment when a dangerous weapon is used or displayed in committing an assault" and therefore, a conviction under this section is a crime of violence.

In paragraph 45, Smith was convicted of Intimidation with a Weapon under Iowa Code Section 708.6. This statute has been found in *United States v. Langston*, 772 F.3d 560 (8th Cir. 2014); *vacated on other grounds*, 135 S.Ct. 2936 (2015), to be a crime of violence. The Court held that this code section is "categorically a crime of violence under USSG § 4B1.2(a)(1), because it necessarily involves the use, attempted use, or threatened use of force regardless of how it is violated." *Id*. at 562-63.

This statute was again addressed in the Sixth Circuit in *Thompson v. Terris*, 2018 WL 3570974 (2018). That Court found that Iowa Code Section 708.6 (then called terrorism, but now renamed intimidation with a dangerous weapon with intent) was a crime of violence under USSG §4B1.1.

Based on Eighth Circuit precedent, both convictions listed in paragraphs 44 and 45 qualify as crimes of violence, and the PSR should remain unchanged.

**B.     The four-level enhancement pursuant to USSG §2K2.1(b)(6)(B) for possession in connection with another felony offense is applicable**

Smith objects to the application of a USSG §2K2.1(b)(6)(B) enhancement. This section directs the Court to increase the defendant's offense level by four levels if he "used or possessed any firearm or ammunition in connection with another felony offense." The commentary defines "another felony offense" to mean "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding [one] year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG §2K2.1(b)(6), comment. (n.14(C)). "The plain language of application note 14(C) excludes only the underlying firearms possession offense of conviction from the definition of 'another felony offense.'" *United States v. Jackson*, 633 F.3d 703, 706 (8th Cir. 2011).

In this case, Smith's conduct violated Iowa Code Section 724.4(1), Carrying Weapons. Iowa Code Section 724.4(1) states in part, "[e]xcept as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor." Pursuant to Iowa Code Section 903.1, an aggravated misdemeanor carries a maximum sentence of two years of imprisonment and, thus, is considered a felony offense for guideline purposes.

The case of *United States v. Walker,* 771 F.3d 449 (8th Cir. 2014), is similar to the case at hand. Walker was charged under 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. In

that case, officers were responding to a reported drive-by shooting. The police came in contact with a car in which Walker was the front seat passenger. Upon searching the car, they found a gun in a pouch in front of Walker. A witness was able to identify Walker as one of the two suspects that fled right after the shots were fired. The Court found that the enhancement under USSG §2K2.1(b)(6)(B) applied using the underlying crime of Carrying Weapons, under Iowa Code Section 724.4(1). The Court held that Walker violated that Iowa statute and that it was different and distinct from the federal charge of felon in possession because it required different elements. Therefore, because Walker violated 724.4, the enhancement applied as it was the other felony offense.

The Eighth Circuit has consistently followed *Walker* in a series of published and unpublished opinions. *See, e.g., United States v. Pete*, 723 F. App'x 381, 382 (8th Cir. 2018) (unpublished); *United States v. Jones*, 718 F. App'x 443, 446 (8th Cir. 2017) (unpublished); *United States v. Saul*, 701 F. App'x 541 (8th Cir. 2017) (unpublished); *United States v. Jackson*, 701 F. App'x 528 (8th Cir. 2017) (unpublished); *United States v. Maldonado*, 864 F.3d 893, 900 (8th Cir. 2017); *United States v. Thigpen*, 848 F.3d 841, 846-47 (8th Cir. 2017).

It is clear from the facts of the case presented in the PSR, that Smith committed the offense of carrying weapons. Smith arrived at a convenience store in his vehicle, exited his car, and went into the store. He was approached by officers as he left the store and had the firearm in his waistband. Therefore, the enhancement should apply.

C. **The convictions in paragraph 45 and 46 are separate offenses and should not be counted as a single sentence**

The convictions in paragraphs 44 and 45, should be counted as separate offenses, under the authority of USSG § 4A1.2(a)(2), which states: "…Prior sentences always are counted

separately if the sentence were imposed for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense)." As noted in the PSR, Smith was arrested for the offense in paragraph 44 on September 13, 2011, and was arrested for the offense in paragraph 45 on December 28, 2011. Therefore, the PSR calculation is correct.

**IV.     GOVERNMENT'S RECOMMENDATION**

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).  The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 27/Criminal History Category IV – 100 to 120 months' imprisonment. The Government is recommending that a sentence of 100 months is the appropriate sentence in this case.

The nature and circumstances of this case aggravated. Not only was Smith driving around town with a loaded nine-millimeter with 15 rounds of ammunition, Smith had amassed a large amount of additional ammunition. Hidden in the passenger compartment was another nine-millimeter magazine clip with five nine-millimeter rounds and 117 nine-millimeter rounds in the

trunk. The other evidence seized included over a gram of methamphetamine, marijuana, ten Tramadol pills, two drug pipes, and two cellular phones. Smith's girlfriend further provided that Smith was involved in drugs, and a past member of the West Side Mafia, who was feuding with the Lowrider gang. This statement is corroborated by the tattoos that Smith has as listed in paragraph 73. In addition to the criminal activity noted above, paragraph 54 describes that the gun that Smith was found in possession of, was used on November 6, 2017 (two days prior) to shoot four bullets at a truck in the 300 block of North Pine.

Other aggravating factors include his continued violations while housed at the Muscatine County Jail as noted in paragraphs 7-11. These behaviors include using another person's phone account, disrupting security, communicating with unauthorized person, damaging property, assault, assault on an officer, and refusing lawful orders.

Smith began committing crimes at 14 years old. He had contact with police when he took a car and was stopped for a traffic violation. During his supervision in that case, he used marijuana and violated other terms of supervision. Six months later, Smith again stole a car and was stopped by police. Smith had his first adult conviction in 2011 for disorderly due to punching another person in the face. Within a few months, Smith had an argument with another person when he got into a truck, accelerated towards the victim, striking him in the head with the passenger side mirror. In December of 2011, Smith's father was feuding with another person over the exchange of marijuana for work done on a car. Smith joined in the feud and shot at the victim's car. Smith was arrested with a loaded .25 caliber semi-automatic handgun on his person. During the time he was in prison, he received 16 disciplinary violations. Once released from prison, Smith was convicted of possession of marijuana and domestic assault. Smith has a history of possessing/using firearms and assaulting victims. Smith additionally shows no stable

employment and consistent marijuana use since his release from state prison. The continued criminal activities shows that Smith has no respect for authority and is dangerous. The low-end of the guideline range would be sufficient but not greater than necessary to meet all the sentencing goals.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By:  */s/ Melisa Zaehringer*_____
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:        X   ECF/Electronic filing
UNITED STATES ATTORNEY
By:  */s/ Melisa Zaehringer* , Assistant U.S. Attorney