IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 3:17-cr-107 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| CAMERON MICHAEL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## Table of Contents

I.   INTRODUCTION..........................................................................................................1

II.  SENTENCING PROCEDURE....................................................................................2

III. MR. SMITH'S BASE OFFENSE LEVEL SHOULD BE 20......................................2

IV.  MR. SMITH DID NOT POSSESS A FIREARM IN CONNECTION WITH
     ANOTHER FELONY OFFENSE.................................................................................7

V.   UNDER THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), MR. SMITH
     SHOULD RECEIVE A SENTENCE WHICH IS LESS THAN THE ADVISORY
     GUIDELINE RANGE...................................................................................................8

VI.  CONCLUSION............................................................................................................11

**I.     INTRODUCTION**

On April 9, 2018, Mr. Smith pled guilty to felon in possession of a firearm. Sentencing is scheduled for August 27, 2018. In the presentence report, Mr. Smith's offense level is calculated as follows:

| | |
|---|---|
| Base Offense Level | 24 |
| Stolen Firearm | +2 |
| In Connection With Another Felony Offense | +4 |
| Adjusted Offense Level | 30 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 27   (PSR, ¶ 28-38). |

With a criminal history category of IV, Mr. Smith's advisory sentencing guideline range would be 100-120 months. (PSR, ¶ 91). Mr. Smith has objected to the determination of the base offense level and the four level enhancement for possessing a firearm in connection with another felony offense. Mr. Smith is also requesting a downward variance pursuant to the factors which are set forth in 18 U.S.C. § 3553(a).

## II.   SENTENCING PROCEDURE.

The United States Supreme Court, in *United States v. Booker*, 125 S.Ct. 738(2005), held that the United States Sentencing Guidelines are advisory, as opposed to mandatory. *Id*. 125 S.Ct. at 757.

> "Thus, the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence...Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or §4A1.3 of the Federal Sentencing Guidelines. Those considerations will result in a 'guidelines sentence.' Once the guidelines sentence is determined, the court shall then consider all other factors set forth in §3553(a) to determine whether to impose a sentence under the guidelines or a non-guidelines sentence."

*United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005).

## III.   MR. SMITH'S BASE OFFENSE LEVEL SHOULD BE 20.

### A. Overview of legal analysis.

To determine whether a state conviction qualifies as an offense defined by the guidelines, the court must "lin[e] up that crime's elements" alongside the guidelines'

definition to "see[ ] if they match." See *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the crime of conviction covers more conduct than the relevant definition, the offense does not qualify, "even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). A court must generally apply the categorical approach, "looking 'only to the fact of conviction and the statutory definition of the prior offense.' " *United States v. Eason*, 829 F.3d 633, 640 (8th Cir. 2016).

However, if the statute of conviction is determined to be divisible, the court may utilize the modified categorical approach and consider a limited number of judicially noticeable documents to determine which version of the offense the defendant committed. See *Descamps v. United States*, 133 S.Ct. 2276, 2281 & 2284 (2013). In *Mathis*, the Supreme Court explained how to determine divisibility, by examining whether the listed items of an alternatively phrased statute are means or elements. *Mathis*, 136 S.Ct. at 2256-2257. As a threshold matter, *Mathis* reiterated the difference between elements and means. "Elements" are the "constituent parts" of a crime's legal definition–the things the "prosecution must prove to sustain a conviction." *Id*. at 2248. On the other hand, "means" specifies "diverse means of satisfying a single element of a single crime–or otherwise said, spells out various factual ways of committing some component of the offense–a jury need not find (or a defendant admit) any particular item[.]" *Id*. at 2249. If the statute simply provides alternative means of satisfying a necessary element, the statute is indivisible and the court must apply the categorical approach. *Id*. at 2248-2249.

    B. **The Conviction In Paragraph 44 Is Not A Crime Of Violence.**

The government is arguing that Mr. Smith's 2012 Iowa assault conviction, (PSR, ¶ 44),

is a crime of violence under § 4B1.2(a)(1). This section defines a conviction as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Physical force means violent force. *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011). The determination rests on whether the conviction, "necessarily included the use, attempted use, or threatened use of physical force against the person of another." *Id*.

On March 9, 2012, Mr. Smith was convicted under Iowa Code § 708.2(2)(3). This statute states that, "a person who commits an assault, as defined in § 708.1, and uses or display a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor."

Assault is defined in Iowa Code § 708.1 as follows:

>    1.   An assault as defined in this section is a general intent crime.
>
>    2.   A person commits an assault when, without justification, the person does any of the following:
>
>    a.   Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>    b.   Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>    c.   Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

The Arizona definition of assault, which can be violated by knowingly touching another person with the intent to insult or provoke such person, does not satisfy the force requirement of § 4B1.2(a). See *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011). Similarly, the Iowa statute violated by Mr. Smith is broader than the definition of a crime of violence in § 4B1.2(a).

The issue then becomes whether the Iowa statute is divisible or indivisible. See *Mathis*, at 136 S.Ct. at 2256-2257.1 The statute does not appear to require the jury to determine the manner in which the underlying assault was committed. For that reason, the Iowa statute is overbroad and indivisible, and does not constitute a crime of violence as that term is defined in § 4B1.2(a). The Iowa conviction does not "necessarily involve the use, attempted use or threatened use of physical force against the person of another." See *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011).

Further, the defendant respectfully submits that *United States v. McGee*, 890 F.3d 730 (8th Cir. 2018) was incorrectly decided. Iowa assault with a weapon, on its face, requires that an individual use or display a dangerous weapon in connection with an assault—nothing more. Iowa Code § 708.2(3). However, the panel quoted *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009), which analyzed Missouri's unlawful use of a weapon statute. Unlike Iowa Code § 708.2(3), Missouri's statute requires that the weapon be used "in an angry or threatening manner." The McGee panel inserted language into Iowa's statute that simply is not present in § 708.2(3).

Mr. Smith's conviction does not satisfy the force clause. "Uses" and "displays" are alternative means of committing an assault with a dangerous weapon. *State v. Barnes*, 859 N.W.2d 672 (Iowa Ct. App. 2014) (affirming the defendant's conviction for "assault with a dangerous weapon" "in violation of sections 708.1 and 708.2(3)," referring to the offense as "assault with a dangerous weapon" and not "assault while using a dangerous weapon" or "assault

---

1 This case is distinguishable from two pre-Mathis cases, *United States v. Maid*, 772 F.3d 1118, 1120 (8th Cir. 2014) and *United States v. Boots*, 816 F.3d 971, 975 (8th Cir. 2016) because the court in those cases did not make a finding regarding divisibility of the Iowa statute.

while displaying a dangerous weapon"); *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994) (referring to the offense as assault "by using or displaying a dangerous weapon"); *United States v. Parrow*, 844 F.3d 801, 803 (8th Cir. 2016) (finding that state courts use an umbrella term to define either alternative as evidence that they are alternative means). Because "uses" and "displays" present alternative means, both must meet the definition of violent force. They do not.

First, display does not meet the definition of violent force. Under Iowa law, for a dangerous weapon to be "displayed" it is enough that the weapon be held "in a manner so it could be seen by others." *State v. Hall*, 2016 WL 4543891, at *2 (Iowa Ct. App. Aug. 31, 2016). There is no requirement that a defendant even threaten another with the dangerous weapon. *See State v. Mott*, 2001 WL 433395, at *2 (Iowa Ct. App. Apr. 27, 2001) (finding sufficient evidence for "use or display of a dangerous weapon" where defendant stabbed a calculator, walked around an office with the knife, and then stabbed a desk that was not located near where the victim was sitting). Second, "use" does not meet the requirement of violent force. *See United States v. Rico-Mendoza,* 548 F. App'x 210, 214 (5th Cir. 2013) (rejecting the argument that this statute meets the force clause because "the statute does not require intent to harm or apprehension by the victim of potential harm. As such, it could include an accidental or jesting pointing of the weapon ..."). The Eighth Circuit opinion in *McGee* directly conflicts with the Fifth Circuit opinion in *Rico-Mendoza*. *Id*. For all the above reasons, the conviction in paragraph 44 is not for a crime of violence.

### IV. MR. SMITH DID NOT POSSESS A FIREARM IN CONNECTION WITH ANOTHER FELONY OFFENSE.

In the presentence report, Mr. Smith was assessed an enhancement for possessing a firearm in connection with another felony offense. (PSR, ¶ 30). "Another felony offense" is defined as "any federal, state or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, n.14(C). Mr. Smith has objected to this enhancement. In response to Mr. Smith's objection, the probation office specified the offense of carrying weapons, in violation of Iowa Code § 724.4.

Iowa Code § 724.4(1) states as follows:

> 724.4 Carrying weapons.
>
> 1. Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

In *United States v. Walker*, 771 F.3d. 449, 452 (8th Cir. 2014), the Eighth Circuit Court of Appeals stated that an offense qualified as another felony offense unless a defendant could not have committed the federal offense without also violating the state offense which supports the enhancement. After finding that a violation of the federal felon in possession statute does not automatically violate Iowa Code § 724.4, the Eighth Circuit affirmed the four level enhancement in *Walker*. In several Eighth Circuit cases, a concurring opinion encouraged the Court to revisit the holding in *Walker,* on the ground that it was inconsistent with the Eighth Circuit's previous interpretation of § 2K2.1(b)(6)(B). *See United States v. Sanford*, 813 F.3d 708, 715 (8th Cir.

2016), *United States v. Boots*, 816 F.3d 971, 976 (8th Cir. 2016) and *United States v. Stuckey*, 2018 WL 3198773 (8th Cir. June 28, 2018) (unpublished). In *Stuckey*, Judge Grasz, in a concurring opinion; stated:

> I agree we are bound by *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014). I write separately because I believe *Walker* was incorrectly decided. As expressed by Judge Melloy and Judge Bye in prior cases dealing with this issue, "because 18 U.S.C. § 992(g)(1) and Iowa Code § 724.4(1) require essentially the same conduct, applying a sentencing enhancement based on the Iowa offense constitutes impermissible double-counting." *United States v. Boots*, 816 F.3d 971, 976 (8th Cir. 2016) (Melloy, J., concurring) (citing *United States v. Sanford*, 813 F.3d 708, 714-17 (8th Cir. 2016) (Bye, J., concurring)).
>
> I recognize the Iowa law technically has additional elements beyond the federal offense. *See United States v. Maldonado*, 864 F.3d 893, 901-02 (8th Cir. 2017) (explaining that in addition to possessing the firearm, the Iowa law requires that the defendant conceal the weapon, or be armed with a handgun within city limits, or knowingly carry or transport a handgun in a vehicle), *cert. denied*, 138 S. Ct. 702 (2018). Yet, the reality is that most felons in possession of a firearm will inevitably violate one of those requirements. Here, for example, Stuckey violated Iowa's law because he possessed a firearm within the city limits of Cedar Rapids.
>
> In my view, the sentence enhancement set forth in USSG § 2K2.1(b)(6)(B) should not be available in circumstances such as this, where Stuckey's act of possessing the firearm in violation of federal law is inextricably entwined with his act of possessing a firearm within city limits in violation of Iowa law. Increasing Stuckey's sentence "because he was present in a city rather than in the country…does not further the purpose of the 'other felony' enhancement, and I find it hard to believe the Sentencing Commission would have intended such a result either." *Sanford*, 813 F.3d at 718 (Bye, J., concurring).
>
> I would urge the Court, sitting en banc, to reconsider the holding in *Walker*.

The same rationale applies in the present case.

**V.    UNDER THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), MR. SMITH SHOULD RECEIVE A SENTENCE WHICH IS LESS THAN THE ADVISORY GUIDELINE RANGE.**

18 U.S.C. § 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 refers to:

> "The need for the sentence imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include, the nature and circumstances of the offense and the history and characteristics of the defendant and the kinds of sentences available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 128 S.Ct. 586, 597 (2007).

With regard to the nature and circumstances of the offense, Mr. Smith acknowledges that this was a serious offense. However, the offense level overstates the seriousness of Mr. Smith's conduct for several reasons. First, he received a ten level enhancement for committing two offenses within a very short amount of time when he was 18 years of age. (PSR, ¶ 44, 45). Mr. Smith was sentenced on the same date for the two offenses and they were ordered to be served

9

concurrently. *Id.* Further, for the reasons set forth in the previous section of this memorandum, a four level enhancement for possessing a firearm in connection with another felony offense overstates Mr. Smith's culpability. For these reasons, the offense level which is set forth in the presentence report overstates the seriousness of the instant offense.

The history and characteristics of Mr. Smith also support a downward variance in this case. Mr. Smith was born in 1993 in Cedar Rapids, Iowa. (PSR, ¶ 61). His parents never married. *Id.* His mother was 18 years old when she had the defendant and she was not prepared to take on a parental role. *Id.* As a result, Mr. Smith's grandparents took on a parental role. *Id.* At the age of 13, Mr. Smith moved in with his father. *Id.* Unfortunately, his father has mental health, substance abuse and criminal history. (PSR, ¶ 65).

Mr. Smith began using marijuana at the age of 12. (PSR, ¶ 79.) By the age of 24, Mr. Smith was smoking on a daily basis. *Id.* In *United States v. Hendrickson*, 25 F.Supp. 3d 1166 (N.D. Iowa 2014), Judge Bennett reviewed scientific research on the nature of addiction, which demonstrated that drug addiction is considered a brain disease because drugs physically change the brain. *Id*. at 1172. In deciding that addiction is a mitigating factor under 18 U.S.C. § 3553(a), Judge Bennett concluded, "[i]n sum, because addiction is a serious brain disease that diminishes one's capacity to evaluate decisions and regulate behavior, I consider addiction to be a generally and substantially mitigating factor under § 3553(a)(1), weighing in favor of a downward variance here." *Id*. at 1176. Judge Bennett found it particularly relevant that Mr. Hendrickson had been addicted to drugs through most of the years during which his adolescent brain was still physically developing. *Id*. at 1175. The same can be said for Mr. Smith. Mr.

Smith has also suffered from mental health issues, which were first diagnosed when he was a juvenile. (PSR, ¶ 75, 76).

Finally, 18 U.S.C. § 3553(a)(6) requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In this regard, in Fiscal Year 2017, in the Southern District of Iowa, the average length of sentence for firearms cases was 63 months imprisonment. (PSR, ¶ 106(a)(6)). Further, in the recent case of *United States v. Walker*, 2018 WL 3945274 (8th Cir. August 17, 2018), the Eighth Circuit, with facts very similar to the present case, ruled that the four level enhancement pursuant to § 2K2.1(b)(6)(B) did not apply even though there was crack cocaine on the floorboard of the passenger compartment and a shotgun and ammunition in the trunk. In *Walker,* the government did not make the carrying weapons argument, probably because in the state of Minnesota a first offense of carrying weapons would not be considered a felony. See Minnesota Code § 624.714(1)(a) and 1609.0341(1). Pursuant to 18 U.S.C. § 3553(a)(6), this disparity supports a downward variance.

Mr. Smith is 25 years of age. He has fully accepted responsibility in this case by pleading guilty in a timely manner. (PSR, ¶ 2, 26). Based on all of the factors which are set forth in 18 U.S.C. § 3553(a), a sentence of less than the advisory sentencing guideline range would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## VI.   CONCLUSION

WHEREFORE, the defendant, Cameron Michael Smith, respectfully requests that the Court impose a sentence consistent with the arguments which are set forth in this Sentencing Memorandum.

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:  (563) 322-8931
TELEFAX:  (563) 383-0052
EMAIL:  terry_mcatee@fd.org


By:  /s/
    **Terence McAtee**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT

cc: Melisa Zaehringer, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on August 22, 2018, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
/s/